## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
JILL HUIZENGA,                      )
on behalf of herself and all others     )
similarly situated,                  )
               Plaintiff    )
                    )
v.                        )     Civil Action No.
                    )
AURORA, GOLD & ASSOCIATES, LLC,  )
WILLIAM CRAWFORD, and        )
MARK S. AQUINO,           )
              Defendants     )
_____)

## COMPLAINT AND REQUEST FOR JURY TRIAL

The Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") was enacted by Congress in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that these practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. *Id.* It further found that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers." 15 U.S.C. §1692(b).

In addition, the Massachusetts Attorney General has promulgated regulations applicable to debt collector and attorneys engaged in consumer debt collection, which "establish standards, by defining unfair or deceptive acts or practices [prohibited under G.L. c. 93A], for the collection of debts from persons within the Commonwealth of Massachusetts." 209 CMR 18.01; 940 CMR 7.01.

In this action, plaintiff contends that defendant Aurora Gold made a number of misrepresentations and engaged in other unlawful conduct in attempting to collect an alleged consumer debt from plaintiff, and that its owner/president William Crawford is personally liable for certain of these violations.  Plaintiff further alleges that defendant Mark S. Aquino committed a number of violations of law while acting as a debt collector for Aurora Gold.  With respect to certain of her claims, plaintiff seeks relief both on behalf of herself and others similarly situated.

## Parties

1.  Plaintiff Jill Huizenga is an individual who at all relevant times has resided in Arlington, Middlesex County, Massachusetts.

2.  Defendant Aurora, Gold & Associates, LLC ("Aurora") is, on information and belief, a limited liability company organized under the laws of the State of New York with a principal place of business in East Aurora, New York.

3.  Defendant William Crawford ("Crawford") is an individual who, on information and belief, was the principal owner and president of Aurora.

4.  Defendant Mark S. Aquino ("Aquino") is an individual who at all relevant times was an attorney engaged in the practice of law, with a business office located in Lancaster, New York.

5.  All defendants are "debt collectors" within the meaning of 15 U.S.C. §1692a(6) and at all relevant times have been engaged in trade or commerce in the Commonwealth of Massachusetts as defined by G.L. c. 93A, §1.

**Jurisdiction and Venue**

6.  Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has

subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28

U.S.C. §1337.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367

to hear and adjudicate plaintiff's claims arising under state law.

7.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

**Statement of Facts**

8.  Aquino, on behalf of Aurora, sent plaintiff a letter dated July 18, 2007 concerning the

alleged debt, a true copy of which is attached hereto as Exhibit A. Plaintiff received said

letter on or about July 31, 2007.

9.  In March, 2008, plaintiff received a telephone call from an Aurora employee who

identified himself as Ken Roberts and demanded that she pay $1,200 toward the alleged

debt.  When plaintiff replied that she did not have that amount of money, Roberts stated

she would be sued.  In other telephone calls, Aurora representatives accused her of

having committed a felony due to one or more checks which did not clear the bank.

10.  Through Aquino, Aurora sent Ms. Huizenga a second letter dated May 27, 2008, a

true copy of which is attached hereto as Exhibit B.

11.  On or about May 19, 2008, plaintiff filed a complaint against Aurora with the New

York State Attorney General's office.  In response to that complaint, Aquino – acting on

behalf of Aurora - drafted and sent a letter to the Attorney General, a true copy of which

is attached hereto as Exhibit C.

## Individual Claims - FDCPA

### COUNT I

12.  The allegations of paragraphs 1 – 11 are incorporated herein as if fully set forth.

13.  The telephone threat by Aurora that plaintiff would be sued if she did not pay $1,200 was false, misleading, and deceptive in violation of section 1692e of the FDCPA because no decision to sue had been made at the time.

14.  As direct results of Aurora's unlawful conduct, plaintiff suffered anxiety, mental anguish, and emotional distress.

WHEREFORE, plaintiff prays for judgment against Aurora awarding her actual damages; statutory damages; interest, costs, and reasonable attorney's fees.

### COUNT II

15.  The allegations of paragraphs 1 – 14 are incorporated herein as if fully set forth.

16.  The false threat by Aurora that plaintiff would be sued if she did not pay $1,200 constituted an unfair method of attempting to collect the alleged debt in violation of section 1692f of the FDCPA.

17.  As direct results of Aurora's unlawful conduct, plaintiff suffered anxiety, mental anguish, and emotional distress.

WHEREFORE, plaintiff prays for judgment against Aurora awarding her actual damages; statutory damages; interest, costs, and reasonable attorney's fees.

### COUNT III

18.  The allegations of paragraphs 1 -11 are incorporated herein as if fully set forth.

19.   Aurora's accusations in telephone calls that plaintiff had committed a felony was false, misleading, and deceptive in violation of section 1692e of the FDCPA.

20.  As direct results of Aurora's unlawful conduct, plaintiff suffered anxiety, mental anguish, and emotional distress.

WHEREFORE, plaintiff prays for judgment against Aurora awarding her actual damages; statutory damages; interest, costs, and reasonable attorney's fees.

## COUNT IV

21.  The allegations of paragraphs 1 -20 are incorporated herein as if fully set forth.

22.   Aurora's accusations in telephone calls with plaintiff that plaintiff had committed a felony constituted harassment and/or abuse in violation of section 1692d of the FDCPA.

23. As direct results of Aurora's unlawful conduct, plaintiff suffered anxiety, mental anguish, and emotional distress.

WHEREFORE, plaintiff prays for judgment against Aurora awarding her actual damages; statutory damages; interest, costs, and reasonable attorney's fees.

## COUNT V

24.  The allegations of paragraphs 1 – 23 are incorporated herein as if fully set forth.

25.  Aurora's accusations in telephone calls with plaintiff that plaintiff had committed a felony constituted an unfair method of attempting to collect a debt in violation of section 1692f of the FDCPA.

26.  As direct results of Aurora's unlawful conduct, plaintiff suffered anxiety, mental anguish, and emotional distress.

WHEREFORE, plaintiff prays for judgment against Aurora awarding her actual damages; statutory damages; interest, costs, and reasonable attorney's fees.

## COUNT VI

27.  The allegations of paragraphs 1 – 11 are incorporated herein as if fully set forth.

28.   The implications set forth in Exhibit B that plaintiff had committed one or more crimes and that Aurora was considering filing criminal charges against plaintiff were false, misleading, and deceptive in violation of section 1692e of the FDCPA.

29.  As direct results of said unlawful conduct, plaintiff suffered anxiety, mental anguish, and emotional distress.

WHEREFORE, plaintiff prays for judgment against Aurora and Aquino, jointly and severally, awarding her actual damages; statutory damages; interest, costs, and reasonable attorney's fees.

## COUNT VII

30.   The allegations of paragraphs 1 – 29 are incorporated herein as if fully set forth.

31.   The implications set forth in Exhibit B that plaintiff had committed one or more crimes and that Aurora was considering filing criminal charges against plaintiff constituted harassment and/or abuse in violation of section 1692d of the FDCPA.

32.  As direct results of said unlawful conduct, plaintiff suffered anxiety, mental anguish, and emotional distress.

WHEREFORE, plaintiff prays for judgment against Aurora and Aquino, jointly and severally, awarding her actual damages; statutory damages; interest, costs, and reasonable attorney's fees.

## COUNT VIII

33.  The allegations of paragraphs 1 – 32 are incorporated herein as if fully set forth.

34.   The implications set forth in Exhibit B that plaintiff had committed one or more crimes and that Aurora was considering filing criminal charges against plaintiff

constituted unfair means of attempting to collect the alleged debt in violation of section 1692f of the FDCPA.

35. As direct results of said unlawful conduct, plaintiff suffered anxiety, mental anguish, and emotional distress.

WHEREFORE, plaintiff prays for judgment against Aurora and Aquino, jointly and severally, awarding her actual damages; statutory damages; interest, costs, and reasonable attorney's fees.

## COUNT IX

36. The allegations of paragraphs 1 – 11 are incorporated herein as if fully set forth.

37. The statement in Exhibit B requiring that Aquino would forward plaintiff's file to a Massachusetts attorney if payment were not made by a certain date – which date was 7 days earlier than the date of the letter - was false, misleading, and deceptive in violation of section 1692e of the FDCPA.

38. As direct results of said unlawful conduct, plaintiff suffered anxiety, mental anguish, and emotional distress.

WHEREFORE, plaintiff prays for judgment against Aurora and Aquino, jointly and severally, awarding her actual damages; statutory damages; interest, costs, and reasonable attorney's fees.

## COUNT X

39. The allegations of paragraphs 1 – 11 are incorporated herein as if fully set forth.

40. The statement in exhibit C that plaintiff committed multiple misdemeanors was false, misleading, and deceptive in violation of section 1692e of the FDCPA.

41.   As direct results of said unlawful conduct, plaintiff suffered anxiety, mental anguish, and emotional distress.

WHEREFORE, plaintiff prays for judgment against Aurora and Aquino, jointly and severally, awarding her actual damages; statutory damages; interest, costs, and reasonable attorney's fees.

## COUNT XI

42.  The allegations of paragraphs 1 – 41 are incorporated herein as if fully set forth.

43.  The statement in exhibit C that plaintiff committed multiple misdemeanors constituted harassment and/or abuse in violation of section 1692d of the FDCPA.

44.   As direct results of said unlawful conduct, plaintiff suffered anxiety, mental anguish, and emotional distress.

WHEREFORE, plaintiff prays for judgment against Aurora and Aquino, jointly and severally, awarding her actual damages; statutory damages; interest, costs, and reasonable attorney's fees.

## COUNT XII

45.  The allegations of paragraphs 1 – 44 are incorporated herein as if fully set forth.

46.   The statement in exhibit C that plaintiff committed multiple misdemeanors constituted an unfair means of attempting to collect the alleged debt in violation of section 1692f of the FDCPA.

47.   As direct results of said unlawful conduct, plaintiff suffered anxiety, mental anguish, and emotional distress.

WHEREFORE, plaintiff prays for judgment against Aurora and Aquino, jointly and severally, awarding her actual damages; statutory damages; interest, costs, and reasonable attorney's fees.

### Individual Claims – G.L. c. 93A

### COUNT XIII

48.  The allegations of paragraphs 1 – 47 are incorporated herein as if fully set forth.

49.  Aurora's conduct as set forth in Counts I and II, above, was unfair and/or deceptive in violation of G.L. c. 93A, and said conduct was willful or knowing.

50.  On June 18, 2008, plaintiff – through counsel - sent Aurora via certified mail, return receipt requested, a demand for relief pursuant to section 9 of G.L. c. 93A, which demand reasonably described the unlawful practices complained of and injuries suffered.

51.  Aurora received plaintiff's demand, but did not make a reasonable written tender of settlement within 30 days of receipt.

52.  Aurora's failure to make a reasonable written tender of settlement was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A, section 2.

53.  As direct and proximate results of Aurora's misconduct, plaintiff suffered anxiety, mental anguish, and emotional distress.

WHEREFORE, plaintiff prays for judgment against Aurora awarding her actual damages or $25.00, whichever is greater; doubling or trebling any actual damages awarded; plus interest, costs, and reasonable attorney's fees.

### COUNT XIV

54.  The allegations of paragraphs 1 – 47 are incorporated herein as if fully set forth.

55.  Aurora's conduct as set forth in Counts III - V, above, was unfair and/or deceptive in violation of G.L. c. 93A, and said conduct was willful or knowing.

56.  On June 18, 2008, plaintiff – through counsel - sent Aurora via certified mail, return receipt requested, a demand for relief pursuant to section 9 of G.L. c. 93A, which demand reasonably described the unlawful practices complained of and injuries suffered.

57.  Aurora received plaintiff's demand, but did not make a reasonable written tender of settlement within 30 days of receipt.

58.  Aurora's failure to make a reasonable written tender of settlement was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A, section 2.

59.  As direct and proximate results of Aurora's misconduct, plaintiff suffered anxiety, mental anguish, and emotional distress.

WHEREFORE, plaintiff prays for judgment against Aurora awarding her actual damages or $25.00, whichever is greater; doubling or trebling any actual damages awarded; plus interest, costs, and reasonable attorney's fees.

## COUNT XV

60.  The allegations of paragraphs 1 – 47 are incorporated herein as if fully set forth.

61.  The misconduct of Aurora and Aquino as set forth in Counts VI - VIII, above, was unfair and/or deceptive in violation of G.L. c. 93A, and said conduct was willful or knowing.

62.  On June 18, 2008, plaintiff – through counsel - sent to each defendant via certified mail, return receipt requested, a demand for relief pursuant to section 9 of G.L. c. 93A, which demand reasonably described the unlawful practices complained of and injuries suffered.

63.  Each defendant received plaintiff's demand, but neither made a reasonable written tender of settlement within 30 days of receipt.

64.  Defendants' failures to make a reasonable written tender of settlement was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A, section 2.

65.  As direct and proximate results of defendants' misconduct, plaintiff suffered anxiety, mental anguish, and emotional distress.

WHEREFORE, plaintiff prays for judgment against Aurora and Aquino, jointly and severally, awarding her actual damages or $25.00, whichever is greater; doubling or trebling any actual damages awarded; plus interest, costs, and reasonable attorney's fees.

## COUNT XVI

66.  The allegations of paragraphs 1 –  47 are incorporated herein as if fully set forth.

67.  The misconduct of Aurora and Aquino as set forth in Count IX, above, was unfair and/or deceptive in violation of G.L. c. 93A, and said conduct was willful or knowing.

68.  On June 18, 2008, plaintiff – through counsel - sent to each defendant via certified mail, return receipt requested, a demand for relief pursuant to section 9 of G.L. c. 93A, which demand reasonably described the unlawful practices complained of and injuries suffered.

69.  Each defendant received plaintiff's demand, but neither made a reasonable written tender of settlement within 30 days of receipt.

70.  Defendants' failures to make a reasonable written tender of settlement was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A, section 2.

71.  As direct and proximate results of defendants' misconduct, plaintiff suffered anxiety, mental anguish, and emotional distress.

WHEREFORE, plaintiff prays for judgment against Aurora and Aquino, jointly and severally, awarding her actual damages or $25.00, whichever is greater; doubling or trebling any actual damages awarded; plus interest, costs, and reasonable attorney's fees.

## COUNT XVII

72.  The allegations of paragraphs 1 – 47 are incorporated herein as if fully set forth.

73.  The unlawful conduct of Aurora and Aquino as set forth in Counts X – XII, above, was unfair and/or deceptive in violation of G.L. c. 93A, and said conduct was willful or knowing.

74.  On June 18, 2008, plaintiff – through counsel - sent each defendant via certified mail, return receipt requested, a demand for relief pursuant to section 9 of G.L. c. 93A, which demands reasonably described the unlawful practices complained of and injuries suffered.

75.  Each defendant received plaintiff's demand, but neither made a reasonable written tender of settlement within 30 days of receipt.

76.  Defendants' failure to make a reasonable written tender of settlement was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A, section 2.

77.  As direct and proximate results of defendants' misconduct, plaintiff suffered anxiety, mental anguish, and emotional distress.

WHEREFORE, plaintiff prays for judgment against Aurora and Aquino, jointly and severally, awarding her actual damages or $25.00, whichever is greater; doubling or trebling any actual damages awarded; plus interest, costs, and reasonable attorney's fees.

## Class Action Claims - FDCPA

## COUNT XVIII

78.  The allegations of paragraphs 1 – 11 are incorporated herein as if fully set forth.

79.  Aurora's letter to plaintiff dated July 18, 2007 signed by Aquino (exhibit A) was the first written communication from Aurora regarding the alleged debt, and misrepresented the identity of the creditor, which on information and belief was an entity known as Newburyport Capital LLC.   Accordingly, the letter violation section 1692g(a)(2) of the FDCPA.        .

80.  Crawford was personally involved in formulating, implementing, and/or ratifying said unlawful practice.

## Class Allegations

81.  Plaintiff brings this count of the complaint on behalf of herself and a class of persons similarly situated.  Class members are all Massachusetts residents to whom Aurora sent an initial letter concerning an alleged consumer debt within one year prior to the filing of this complaint which misrepresented that Aurora Gold was the creditor and was not returned as undeliverable.  A sub-class consists of all class members whose letter from Aurora was signed by Aquino.  Excluded from each class are defendants and all current and former officers, directors, employees, and agents of defendants.  On information and belief, it is alleged that the class is sufficiently numerous such that joinder is impracticable.

82.  There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members.  Common issues include whether

defendants are debt collectors under the FDCPA; whether the letter violates the FDCPA as alleged; and whether there is a basis for joint and several liability.

83. Plaintiff's claim is typical in that it arises from the same unlawful conduct as the claims of class members. Plaintiff and class members seek, and are entitled to, similar relief.

84. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

85. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

WHEREFORE, plaintiff prays that this Honorable Court:

(i) certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;

(ii) appoint plaintiff as class representative and the undersigned as class counsel;

(iii) award plaintiff and class members statutory damages against defendants, jointly and severally;

(iv) award plaintiff and class members costs and attorney's fees against defendants, jointly and severally;

(v) award such further relief as shall be just and proper.

## COUNT XIX

86.  The allegations of paragraphs 1 – 11 are incorporated herein as if fully set forth.

87.  Aurora's letter to plaintiff of July 18, 2007 signed by Aquino (exhibit A) misrepresented the amount of the debt by failing to disclose that interest was accruing and that a payment in the amount demanded would not necessarily satisfy the balance in full, thus violating section 1692g(a)(1) of the FDCPA.

88.  Crawford was personally involved in formulating, implementing, and/or ratifying said unlawful practice.

### Class Allegations

89.  Plaintiff brings this count of the complaint on behalf of herself and a class of persons similarly situated.  Class members are all Massachusetts residents to whom Aurora sent an initial letter misrepresented the amount of the debt as aforesaid and was not returned as undeliverable.  A sub-class consists of all class members whose letter from Aurora was signed by Aquino.  Excluded from each class are defendants and all current and former officers, directors, employees, and agents of defendants.  On information and belief, it is alleged that the class is sufficiently numerous such that joinder is impracticable.

90.  There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members.  Common issues include whether defendants are debt collectors under the FDCPA; whether the letter violates the FDCPA as alleged; and whether there is a basis for joint and several liability.

91.  Plaintiff's claim is typical in that it arises from the same unlawful conduct as the claims of class members.  Plaintiff and class members seek, and are entitled to, similar relief.

92.  Plaintiff will fairly and adequately represent the interests of class members.  Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation.  Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

93.  A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

WHEREFORE, plaintiff prays that this Honorable Court:

(i)      certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;

(ii)     appoint plaintiff as class representative and the undersigned as class counsel;

(iii)    award plaintiff and class members statutory damages against defendants, jointly and severally;

(iv)    award plaintiff and class members costs and attorney's fees against defendants, jointly and severally;

(v)     award such further relief as shall be just and proper.

## COUNT XX

94.  The allegations of paragraphs 1 – 11 are incorporated herein as if fully set forth.

95.  Aurora's letter to plaintiff of July 18, 2007 signed by Aquino (exhibit A) misrepresented that if payment were not made by July 30, 2007 plaintiff's file would be forwarded to counsel in Massachusetts, because no such decision had yet been made, thus violating section 1692e of the FDCPA.

96.  Crawford was personally involved in formulating, implementing, and/or ratifying said unlawful practice.

## Class Allegations

97.  Plaintiff brings this count of the complaint on behalf of herself and a class of persons similarly situated.  Class members are all Massachusetts residents to whom Aurora sent a letter concerning an alleged consumer debt within one year prior to the filing of this complaint, which letter contained the misrepresentation set forth above and was not returned as undeliverable.  A sub-class consists of all class members whose letter from Aurora was signed by Aquino.  Excluded from each class are defendants and all current and former officers, directors, employees, and agents of  defendants.  On information and belief, at the time Aurora sends its initial written communication to alleged debtors a decision has never been made to forward the file to local counsel, hence it is alleged that the class is sufficiently numerous such that joinder is impracticable.

98.  There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members.  Common issues include whether defendants are debt collectors under the FDCPA; whether the letter violates the FDCPA as alleged; and whether there is a basis for joint and several liability.

99.  Plaintiff's claim is typical in that it arises from the same unlawful conduct as the claims of class members.  Plaintiff and class members seek, and are entitled to, similar relief.

100.  Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation.  Neither

plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

101.  A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

WHEREFORE, plaintiff prays that this Honorable Court:

(i)      certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;

(ii)     appoint plaintiff as class representative and the undersigned as class counsel;

(iii)    award plaintiff and class members statutory damages against defendants, jointly and severally;

(iv)     award plaintiff and class members costs and attorney's fees against defendants, jointly and severally;

(v)      award such further relief as shall be just and proper.

## COUNT XXI

102.  The allegations of paragraphs 1 – 11 are incorporated herein as if fully set forth.

103.  As of July 18, 2007, Aurora was not licensed as a debt collector in Massachusetts, as required by G.L. c. 93, section 24A.

### Class Allegations

104.  Plaintiff brings this count of the complaint on behalf of herself and a class of persons similarly situated.  Class members are all Massachusetts residents to whom Aurora sent any letter concerning an alleged consumer debt within one year prior to the filing of this complaint at a time when it was not licensed as a debt collector in

Massachusetts.  A sub-class consists of all class members whose letter from Aurora was signed by Aquino.  Excluded from each class are defendants and all current and former officers, directors, employees, and agents of defendants.  On information and belief, at the time Aurora sends its initial written communication to alleged debtors a decision has never been made to forward the file to local counsel, hence it is alleged that the class is sufficiently numerous such that joinder is impracticable.

105.  There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members.  Common issues include whether defendants are debt collectors under the FDCPA; whether the letter violates the FDCPA as alleged; and whether there is a basis for joint and several liability.

106.  Plaintiff's claim is typical in that it arises from the same unlawful conduct as the claims of class members.  Plaintiff and class members seek, and are entitled to, similar relief.

107.  Plaintiff will fairly and adequately represent the interests of class members.  Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation.  Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

108.  A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

WHEREFORE, plaintiff prays that this Honorable Court:

(i)       certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;

(ii)     appoint plaintiff as class representative and the undersigned as class counsel;

(iii)    award plaintiff and class members statutory damages against defendants, jointly and severally;

(iv)    award plaintiff and class members costs and attorney's fees against defendants, jointly and severally;

(v)    award such further relief as shall be just and proper.

**Class Claims – G.L. c. 93A**

**COUNT XXII**

109.  The allegations of paragraphs 1 – 108 are incorporated herein as if fully set forth.

110.  The misconduct of defendants as set forth in counts XVIII – XX, above, violated the FDCPA as aforesaid and was unfair and/or deceptive in violation of G.L. c. 93A, section 2.

111.  Crawford was personally involved in formulating, implementing, and/or ratifying said unlawful practices.

112.  On June 18, 2008, plaintiff – through counsel – sent each defendant via certified mail, return receipt requested, a demand for relief pursuant to G.L. c. 93A, §9, which demand reasonably described the acts and practices complained of and injuries suffered.

113.  Each defendant received plaintiff's demand but neither made a reasonable written tender of settlement within 30 days of receipt.

114.  Defendants' failure to make a reasonable written of settlement upon demand was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A.

## Class Allegations

115.  Plaintiff brings this count of the complaint on behalf of herself and a class of persons similarly situated.  Class members are all Massachusetts residents to whom Aurora sent a letter concerning an alleged consumer debt within 4 years prior to the filing of this complaint, which letter contained one or more of the violations described, and was not returned as undeliverable.  A sub-class consists of all class members whose letter from Aurora was signed by Aquino.  Excluded from each class are defendants and all current and former officers, directors, employees, and agents of defendants.  On information and belief that the class is sufficiently numerous such that joinder is impracticable.

116.  Class members are similarly situated due to common issues of fact and law. Common issues include whether defendants are engaged in trade or commerce in Massachusetts, whether defendants violated G.L. c. 93A as alleged, and whether there is a basis for joint and several liability.

117.  Plaintiff's claim is typical in that it arises from the same unlawful conduct as the claims of class members.  Plaintiff and class members seek, and are entitled to, similar relief.

118.  Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation.  Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

119.  A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

WHEREFORE, plaintiff prays that this Honorable Court:

(i)      certify plaintiff's claims pursuant to G.L. c. 93A, §9;

(ii)     appoint plaintiff as class representative and the undersigned as class counsel;

(iii)    enjoin defendants from continuing to employ the unlawful language complained of in letters send to consumer debtors;

(iv)     award plaintiff and class members statutory damages against Aurora and Crawford, jointly and severally, and as to the sub-class, against Aurora, Crawford, and Aquino, jointly and severally.

(v)      award plaintiff and class members costs and attorney's fees against defendants, jointly and severally;

(v)      award such further relief as shall be just and proper.

## COUNT XXIII

120.  The allegations of paragraphs 1 – 108 are incorporated herein as if fully set forth.

121.  The misconduct of defendants as set forth in count XXI, above, violated the FDCPA as aforesaid and was unfair and/or deceptive in violation of G.L. c. 93A, section 2.

122.  On June 18, 2008, plaintiff – through counsel – sent each defendant via certified mail, return receipt requested, a demand for relief pursuant to G.L. c. 93A, §9, which demand reasonably described the acts and practices complained of and injuries suffered.

123.  Each defendant received plaintiff's demand but neither made a reasonable written tender of settlement within 30 days of receipt.

124.  Defendants' failure to make a reasonable written of settlement upon demand was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A.

### Class Allegations

125.  Plaintiff brings this count of the complaint on behalf of herself and a class of persons similarly situated.  Class members are all Massachusetts residents to whom Aurora sent a letter concerning an alleged consumer debt within 4 years prior to the filing of this complaint, at such time as Aurora was not licensed as a debt collector in Massachusetts.  A sub-class consists of all class members whose letter from Aurora was signed by Aquino.  Excluded from each class are defendants and all current and former officers, directors, employees, and agents of defendants.  On information and belief that the class is sufficiently numerous such that joinder is impracticable.

126.  Class members are similarly situated due to common issues of fact and law. Common issues include whether defendants are engaged in trade or commerce in Massachusetts, whether defendants violated G.L. c. 93A as alleged, and whether there is a basis for joint and several liability.

127.  Plaintiff's claim is typical in that it arises from the same unlawful conduct as the claims of class members.  Plaintiff and class members seek, and are entitled to, similar relief.

128.  Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation.  Neither

plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

129.  A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

WHEREFORE, plaintiff prays that this Honorable Court:

(i)     certify plaintiff's claims pursuant to G.L. c. 93A, §9;

(ii)    appoint plaintiff as class representative and the undersigned as class counsel;

(iii)   enjoin defendants from continuing to employ the unlawful language complained of in letters send to consumer debtors;

(iv)    award plaintiff and class members statutory damages against Aurora and Crawford, jointly and severally, and as to the sub-class, against Aurora, Crawford, and Aquino, jointly and severally.

(v)     award plaintiff and class members costs and attorney's fees against defendants, jointly and severally;

(vi)    award such further relief as shall be just and proper.

## COUNT XXIV

130.  The allegations of paragraphs 1 – 11 are incorporated herein as if fully set forth.

131.  Aurora's letter to plaintiff of July 18, 2007 signed by Aquino (exhibit A) misrepresented that plaintiff's property and wages could be at risk in the event of a lawsuit without disclosing that Aurora would first have to obtain a court order, thus violating 940 CMR 7.04(1)(b)(2) and G.L. c. 93A.

132.  Crawford was personally involved in formulating, implementing, and/or ratifying said unlawful practice.

133.  On June 18, 2008, plaintiff – through counsel – sent each defendant via certified mail, return receipt requested, a demand for relief pursuant to G.L. c. 93A, §9, which demand reasonably described the acts and practices complained of and injuries suffered.

134.  Each defendant received plaintiff's demand but neither made a reasonable written tender of settlement within 30 days of receipt.

135.  Defendants' failure to make a reasonable written of settlement upon demand was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A.

### **Class Allegations**

136.  Plaintiff brings this count of the complaint on behalf of herself and a class of persons similarly situated.  Class members are all Massachusetts residents to whom Aurora sent a letter concerning an alleged consumer debt within 4 years prior to the filing of this complaint, which letter contained one or more of the violations described, and was not returned as undeliverable.  A sub-class consists of all class members whose letter from Aurora was signed by Aquino.  Excluded from each class are defendants and all current and former officers, directors, employees, and agents of defendants.  On information and belief that the class is sufficiently numerous such that joinder is impracticable.

137.  Class members are similarly situated due to common issues of fact and law.  Common issues include whether defendants are engaged in trade or commerce in Massachusetts, whether defendants violated G.L. c. 93A as alleged, and whether there is a basis for joint and several liability.

138.  Plaintiff's claim is typical in that it arises from the same unlawful conduct as the claims of class members.  Plaintiff and class members seek, and are entitled to, similar relief.

139.  Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation.  Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

140.  A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

WHEREFORE, plaintiff prays that this Honorable Court:

(i)      certify plaintiff's claims pursuant to G.L. c. 93A, §9;

(ii)     appoint plaintiff as class representative and the undersigned as class counsel;

(iii)    enjoin defendants from continuing to employ the unlawful language complained of in letters send to consumer debtors;

(iv)    award plaintiff and class members statutory damages against Aurora and Crawford, jointly and severally, and as to the sub-class, against Aurora, Crawford, and Aquino, jointly and severally.

(v)     award plaintiff and class members costs and attorney's fees against defendants, jointly and severally;

(v)     award such further relief as shall be just and proper.

**Plaintiff claims trial by jury.**

JILL HUIZENGA
By her attorney:

*/s/Kenneth D. Quat*
BBO #408640
QUAT LAW OFFICES
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848
kquat@quatlaw.com